# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NATHAN E. JACOBS,

        Plaintiff,

v.                                                    Civil Action No. 2:16cv1
                                                           (Judge Bailey)

MRS. SHELLEY CARR,

        Defendant.

## REPORT AND RECOMMENDATION

Plaintiff initiated this *pro se* civil action on January 4, 2016, by filing a complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Investigation.[1] In the complaint, Plaintiff alleges that Defendant filed a document containing erroneous information into the Bureau of Prisons' computer system. Plaintiff maintains that this inaccurate and erroneous information can cause adverse determinations concerning his security and classification. For relief, Plaintiff seeks an Order directing that the document be "eradicated." Plaintiff has filed a Motion to Proceed without Prepayment of Fees. ECF No. 2.

After the enactment of the Prison Litigation and Reform Act (PLRA) of 1996, the following subsection was added to 28 U.S.C. § 1915:

> (g) In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The undersigned's review of PACER, the nationwide database maintained by the federal courts, indicates that at least three of Plaintiff's prior civil cases or appeals qualify as strikes under this provision. See Jacobs v. U.S.A. Supreme Clerk, et al., No. 101332, 2010 WL 3123169 (D.C. Aug. 9,

---

[1] 403 U.S. 388 (1971).

2010) (dismissing pursuant to 28 U.S.C. § 1915e(2)(B)(ii) for failure to state a claim upon which relief can be granted); Jacobs v. Supreme Court of the United States, et al., No. 10-5271, 2011 WL 2199975 (D.C. Cir. Aug. 8, 2011) (affirming district court's order filed August 9, 2010); Jacobs v. Holder, et al., No. 4:10cv1544, 2010 WL 4449357 (N.D. Ohio Nov. 1, 2010) (Federal claims dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)). Therefore, based on the strikes Plaintiff has accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury."

Here, Plaintiff's allegations regarding the entry of a document containing erroneous information falls far short of demonstrating that he is in imminent danger of serious physical injury. Accordingly, Plaintiff cannot overcome the three strike bar.

For the foregoing reasons, the undersigned recommends Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g). See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when the prisoner in not entitled to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915. The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he **initiates** the suit.") (emphasis in original).

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff

by certified mail, return receipt requested, to her last known address as shown on the docket.

DATED: January 25, 2016

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE