IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**NATHAN E. JACOBS,**

  Plaintiff,

v.

              **CIVIL ACTION NO. 2:16-CV-1**
              **(BAILEY)**

**MRS. SHELLEY CARR,**

  Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Michael John Aloi [Doc. 9]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Aloi filed his R&R on January 25, 2016, wherein he recommends this Court dismiss the plaintiff's Complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91,

94 (4th Cir. 1984). Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The docket reflects that service was accepted on January 28, 2016 [Doc. 10]. The plaintiff timely filed his Objections on February 8, 2016 [Doc. 11]. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. This Court will review the remaining portions of the R&R for clear error.

## Discussion

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action under 42 U.S.C. § 1983 or any other federal law, including a ***Bivens*** action such as the instant case, is subject to the three strikes provision. Here, the plaintiff has filed a Motion to Proceed without Prepayment of Fees [Doc. 2]. Further, as the R&R notes, Mr. Jacobs has filed at least three prior civil cases or appeals which qualify under the three strikes provision. Accordingly, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Here, the plaintiff's allegations regarding entry of a document containing erroneous information falls short of demonstrating that he is in imminent danger of physical injury. Accordingly, he has failed to overcome the three strikes bar. Additionally, Mr. Jacobs asserts four (4) Objections [Doc. 11] to the R&R, none of which appear to address the deficiencies outlined in the R&R. Accordingly, the plaintiff's Objections are **OVERRULED**.

## Conclusion

Upon careful review of the above, it is the opinion of this Court that the **Report and**

2

**Recommendation [Doc. 9]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The plaintiff's Objections **[Doc. 11]** are **OVERRULED**. The Motion to Proceed without Prepayment of Fees **[Doc. 2]** is **DENIED**. Accordingly, this Court **ORDERS** that the Complaint **[Doc. 1]** be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g). This Court further **DIRECTS** the Clerk to enter judgment in favor of the defendant and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** February 10, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE